UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Aaron Wider,                                    Case No. 09-72993-ast
                                                Chapter 7
                           Debtor.
-------------------------------------------------------X
John Barbaro, Jr., William and Robin
Fitzgerald, George Cornielle, Jay Lalor,
and Michelle DiFronzo,

                           Plaintiffs,          Adv. Pro. No. 09‑08313‑ast

        v.

Aaron Wider,
                           Defendant.
-------------------------------------------------------X

## **MEMORANDUM OPINION ON PARTIAL ABSTENTION**

### **Issues Before this Court**

This adversary proceeding was filed on July 31, 2009.  Plaintiffs herein are each

parties to one or more actions pending in the Supreme Court of the State of New York.[1]

---

[1] The State Court Actions are: (I) GMAT Mortgage, LLC v. John M. Barbaro, Jr. (Defendant and Third Party Plaintiff) *et. al.* v. Aaron Wider HTFC Corporation, Joseph M. Ferrara, Jr. Thomas R. Annunziato, John M. Mckenna, Jr., John Petiton, and Christopher M. Romano (Third Party Defendants) (Index No. 17194/07 – Nassau County) (the "Barbaro Action"); (ii) GMAT Mortgage, LLC (Plaintiff) v. William Fitzgerald, Robin Fitzgerald, Capital et. al. (Defendants and Third Party Plaintiffs) v. Aaron Wider, HTFC Corporation, John Petiton Esq. Individually and as Trustee of the Saccaro Trust and as Trustee of the Hatalovsky Trust, John Hatalovsky Jr., Joseph F. Mirando, American Appraisal Services, Inc., Randall Jonason, Jonason Appraisal Services, Inc (Third Party Defendants) (Index No. 5091/07) (the "Fitzgerald Action"); (iii) George Cornielle v. GMAT Mortgage, Corp., Aaron Wider, HTFC Corporation, John Petiton, Esq. Individually and as Trustee of the Rabinowitz Trust, John Hatalovsky, Jr., Teresa Marotta, Individually and as Trustee of the Hatalovsky Trust, Randall Jonason, Jonason Appraisal Services, Inc, and Christopher Romano (Index No. 4165/08) (the "Cornielle Action"); (iv) GMAT Mortgage, LLC (Plaintiff) v. Jay Lalor, et. al. (Defendant and Third Party Plaintiff) v. Aaron Wider, HTFC Corporation, John Petiton, Individually and as Trustee of the Cournoyer Family Trust, GCF Development Corp., Teresa Marotta, Individually and as Trustee of the Petiton Trust Joseph Mirando, American Appraisal Services, Randall Jonason, Jonason Appraisal Services,  Inc., and Christopher Romano (Third Party Defendants) (Index No.: 7047/08) (the "Lalor Action"); and (v) DiFronzo, Michelle v. Aaron Wider, HTFC Corporation, John Petiton, Angelina Mckenna, Individually and as Trustee of the Melendez Family Trust, Joseph Mirando, American Appraisal Services, and HSBC Bank N.A. (Index No. 43676/08 - Suffolk County) (the "DiFronzo Action") (collectively, the "State Court Actions").

Defendant, Aaron Wider, is the Debtor in the main bankruptcy case. Plaintiffs assert various claims under Section 523(a) of the Bankruptcy Code, objecting to dischargeability of certain alleged debts. Plaintiffs also assert claims under Section 727, seeking to block Debtor's discharge.

This Court addresses the issue of whether it should abstain from hearing Plaintiffs' Section 523 claims. For the reasons stated herein, this Court will abstain, in part, from hearing Plaintiffs' Section 523 claims.

## **Background**

On July 6, 2009, Plaintiffs filed a motion for relief from stay in the main bankruptcy case, and an amended motion on July 17, 2009, seeking authority to proceed on their claims against Debtor in the State Court Actions. [dkt items 30, 38] Debtor and the Chapter 7 trustee, Andrew Thaler, opposed the motion. [dkt items 33, 40] This Court conducted a hearing on July 30, 2009. Additional submissions were filed. [dkt items 48, 58] On October 6, 2009, this Court entered an Order Granting, in Part, Motion for Relief from Stay To Proceed with State Court Litigation, authorizing the Plaintiffs to proceed to judgment but not collection against Debtor in the State Court Actions. [dkt item 61]

On October 6, 2009, this Court issued an Order to Show Cause in this adversary proceeding (the "Order"). [dkt item 4] The Order directed the parties to appear on November 3, 2009, and show cause why this Court should not abstain from hearing this adversary, in part, as to Plaintiffs' claims that the debts they claim are owed to them should survive Debtor's discharge, pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and/or (a)(6). The Order was issued in accordance with 28 U.S.C. § 1334(c)(1) and

Bankruptcy Rule 5011. Plaintiffs' Section 523(a) claims are largely based upon the claims already made the subject of the State Court Actions.

The Order further required that, on or before October 27, 2009, Plaintiffs and Debtor were to file statements in support of, or in opposition to, this Court abstaining from hearing this adversary, in part, as to Plaintiffs' claims under Section 523(a)(2), (a)(4), and/or (a)(6). The Order further specified that this Court was not considering abstention from the Section 727 claims. Plaintiffs filed a timely statement in support of abstention. [dkt item 8]  Defendant filed an untimely opposition to abstention. [dkt item 9]

This Court conducted a hearing on November 3, 2009 (the "Hearing"), at the conclusion of which this Court determined that it should abstain from hearing this adversary, in part, as to Plaintiffs' claims that the debts claimed by Plaintiffs to be owed to them should survive Debtor's discharge, pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and/or (a)(6). This Memorandum Opinion supplements the oral record of this Court's determination at the Hearing.

## **Analysis**

Abstention is permissible and appropriate here, pursuant to Section 1334(c)(1) of Title 28, which provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. § 1334(c)(1).

When considering whether permissive abstention is appropriate, bankruptcy courts have considered one or more—although not necessarily all—of twelve factors. *Wallace v. Guretzsky,* No. CV-09-0071, 2009 WL 3171767 (E.D.N.Y. Sept. 29, 2009); *Cody, Inc. v. County of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y. 2002), *aff'd in part, appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003); *Taub v. Hershkowitz, et. al. (In re Taub)*, No. 09-1277, 2009 WL 3055233, *4 (Bankr. E.D.N.Y. Sept. 21, 2009). These factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a court recommends abstention; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted 'core' proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of [the court's] docket; (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

*Wallace*, 2009 WL 3171767 at *2.

Recently, this Court determined to abstain in a case also involving substantial prepetition state court litigation between a debtor, Ms. Wallace, and a nondebtor party, Mr. Guretzsky. The adversary proceeding commenced in that case sought to block the dischargeability of certain debts under Section 523(a)(6). After applying the above outlined abstention factors, this Court issued an order of partial abstention. The United States District Court for the Eastern District of New York affirmed that decision on

appeal. *Wallace*, 2009 WL 3171767, at *5-6.

Here, the abstention factors also weigh in favor of abstention. The underlying liability issues as between Plaintiffs and Debtor in the State Court Actions are matters of New York State substantive law. The fraud alleged against Defendant is common law fraud, and not a creature of the Bankruptcy Code. As noted above, Plaintiffs' Section 523(a) claims are largely based upon the claims made the subject of the State Court Actions. Thus, in this adversary, the issues potentially giving rise to determinations of non-dischargeability are issues of state law, with the sole exception of the conclusions to be made under Section 523(a).

Specifically, of the twelve abstention factors, the following weigh in favor of abstention here: (1) the lack of the effect of abstention on the efficient administration of this estate; (2) state law issues predominate over bankruptcy issues; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (8) the lack of feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of non-debtor parties.

Issues 5, 8, and 12 are particularly impactive here. The State Court Actions are each multiparty actions, including parties other than Plaintiffs and Debtor. This Court has no core jurisdiction over the claims of the non-debtor parties in the State Court Actions against the other non-debtor parties, including those against the Plaintiffs in this adversary proceeding. Further, all of the parties have jury trial rights before the state

courts; however, absent full consent, this Court could not preside over the State Court Actions if they were removed to this Court, and the parties' jury trial rights were properly exercised.

## Conclusion

Thus, this Court will abstain from hearing this adversary, in part, as to Plaintiffs' claims that the debts claimed by Plaintiffs to be owed to them should survive Debtor's discharge, pursuant to 11 U.S.C. § 523(a)(2), (a)(4), and/or (a)(6), in favor of the state court trying the State Court Actions to judgment; however, enforcement of any judgment shall remain stayed. Plaintiffs and/or Debtor shall return to this Court following the final trial of such cases and ask this Court to enter a judgment under Section 523 based on the findings and/or jury verdict(s) of the triers of fact in the State Court Actions.

This Court does not, however, abstain from hearing the claims asserted by Plaintiffs under Section 727. A separate order hereon and an order of severance will be entered, such that trial may proceed on the Section 727 claims.



**Dated: November 30, 2009**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**